## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **KEVIN L. LOWREY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No.  1:15-cv-832-WTL-DKL** |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Kevin L. Lowrey requests judicial review of the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying review of Mr. Lowrey's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act").  The Court, having reviewed the record and the briefs of the parties, now rules as follows.

## I.     PROCEDURAL HISTORY

Mr. Lowrey filed for DIB on September 1, 2005, alleging he became disabled on April 24, 2005.  Mr. Lowrey's application was denied initially and again upon reconsideration. Following the denial upon reconsideration, Mr. Lowrey requested and received a hearing in front of an Administrative Law Judge ("ALJ").  The hearing, during which Mr. Lowrey was represented by counsel, was held on August 22, 2008, before ALJ Andrew F. Tranovich.  ALJ Tranovich issued his decision on March 3, 2009, denying Mr. Lowrey's claim.  Mr. Lowrey requested review by the Appeals Council, and the Appeals Council denied the request for review. Mr. Lowrey then filed a timely appeal in the Southern District of Indiana, *Lowrey v. Astrue*,

Cause No. 1:10-cv-921-SEB-DML.  In that matter, the parties stipulated to remand Mr.

Lowrey's case to the Commissioner for further administrative proceedings.  Judge Sarah Evans

Barker remanded the case pursuant to the parties' stipulation.  A hearing was then held on

remand on February 13, 2013, before ALJ Ronald T. Jordan.  Mr. Lowrey was represented by

counsel at the hearing.  ALJ Jordan issued a partially favorable decision on March 28, 2013,

finding that Mr. Lowrey was disabled beginning on September 16, 2009.  Mr. Lowrey requested

review of this decision by the Appeals Counsel, which it denied.  He then filed the appeal that is

now before this Court.

## II.   APPLICABLE STANDARD

Disability is defined as the "inability to engage in any substantial gainful activity by

reason of a medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less

than 12 months."  42 U.S.C. § 423(d)(1)(A).  In order to be found disabled, a claimant must

demonstrate that his physical or mental limitations prevent him from doing not only his previous

work, but "any other kind of substantial gainful work which exists in the national economy,"

considering his age, education, and work experience.  § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step

sequential analysis.  20 C.F.R. § 404.1520(a)(4).  At step one, if the claimant is engaged in

substantial gainful activity, he is not disabled, despite his medical condition and other factors.

§ 404.1520(b).  At step two, if the claimant does not have a "severe" impairment (i.e., one that

significantly limits his ability to perform basic work activities), he is not disabled.  § 404.1520(c).

At step three, the Commissioner determines whether the claimant's impairment or combination

of impairments meets or medically equals any impairment that appears in the Listing of

Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. § 404.1520(d). At step four, if the claimant is able to perform his past relevant work, he is not disabled. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, he is not disabled. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citation omitted). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176 (citations omitted).

### III.   ALJ JORDAN'S DECISION

ALJ Jordan determined at step one that Mr. Lowrey had not engaged in substantial gainful activity since April 24, 2005, the alleged onset date. R. at 1314. At step two, he concluded that Mr. Lowrey had the following severe impairments: lumbar degenerative disc disease, obesity, status post right rotator cuff surgery, peripheral vascular disease, chronic obstructive pulmonary disease, sleep apnea, osteopenia, diabetes mellitus, and neuropathy. *Id.*

At step three, ALJ Jordan determined that Mr. Lowrey had the residual functional capacity

("RFC"):

> to lift, carry, push or pull 10 pounds occasionally and five pounds frequently.  He can stand and walk two hours in an eight-hour day at stretches of 10 to 15 minutes. He can sit for six hours but must have the discretion to stand at the workstation up to five minutes each hour.  He cannot perform overhead work bilaterally.  He can occasionally stoop, balance, crouch, crawl, kneel, and climb stairs or ramps.  He should not work around hazards such as unprotected heights or unguarded, dangerous moving machinery.  He should not climb ladders, scaffolds, or ropes. He should not be subjected to temperature extremes, vibration or unusually high levels of humidity.  He should not be subjected to concentrated levels of dust, fumes, gases, or strong odors.

R. at 1320.  At step four, he determined that Mr. Lowrey was unable to perform any past relevant

work.  R. at 1332.  At step five, he found that, prior to September 16, 2009, Mr. Lowrey was able

to perform a limited range of sedentary work in positions existing in significant numbers in the

national economy.  R. at 1333-34.  Accordingly, ALJ Jordan concluded that, prior to September

16, 2009, Mr. Lowrey was not disabled as defined by the Act.  ALJ Jordan considered, however,

that, for evaluative purposes under the Act, on September 16, 2009 - six months prior to Mr.

Lowrey's fiftieth birthday - Mr. Lowrey's age category changed from "younger individual age

45-49" to "individual closely approaching advanced age."  R. at 1332 (citing 20 C.F.R. §

404.1563).  This change altered Mr. Lowrey's vocational profile such that,"by direct application

of Medical-Vocational Rule 201.14," Mr. Lowrey was disabled beginning on September 16,

2009.[1]  R. at 1334.

---

[1] Medical-Vocational Guideline 201.14 dictates a finding of disability for a person closely approaching advanced age (age 50 to 54) where he is limited to sedentary work and has graduated high school or has additional education, but his education does not provide for direct entry into skilled work, and the skills learned through his previous skilled or semi-skilled work experience are not transferable.  20 C.F.R. pt. 404, subpt. P, App. 2.

## IV.   **EVIDENCE OF RECORD**

ALJ Jordan's decision in combination with Mr. Lowrey's briefs (Dkt. Nos. 17 & 23) aptly set forth the medical evidence of record, which need not be recited here.  Specific facts are introduced in the discussion section below where relevant.

## V.   **DISCUSSION**

In his briefs in support of his Complaint, Mr. Lowrey argues that ALJ Jordan (1) erred at Step Three in his determination that Mr. Lowrey's impairments did not medically equal listing 1.04; and (2) because of his flawed residual functional capacity ("RFC") determination, erred at Step Five by finding that Mr. Lowrey became disabled on September 16, 2009, rather than an earlier date.  Mr. Lowrey "requests that the Court reverse the ALJ's decision to the extent that it found him not disabled between March 2006 and September 16, 2009, and remand his case for another hearing and another decision."  Dkt. No. 17 at 26.

A claimant is eligible for benefits if he has a condition that meets or equals an impairment listed in appendix 1 to 20 C.F.R. § 404.  20 C.F.R. § 404.1520(a)(4)(iii); (d).  "Each listing has a set of criteria which must be met for an impairment to be deemed conclusively disabling."  *Kastner v. Astrue*, 697 F.3d 642, 647 (7th Cir. 2012); *see also* 20 C.F.R. § 404.1525(c).  If a claimant's impairments meet a medical listing, he will be found disabled.  20 C.F.R. § 404.1520(d).  If a claimant's impairments do not meet any medical listing, the ALJ must consider whether the impairments equal any listing.  20 C.F.R. §§ 404.1520(e); 404.1525(c)(5); 404.1526(a).  "Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue."  *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004) (citing 20 C.F.R. § 404.1526(b); S.S.R. 96–6P at 3, *reinstating* S.S.R. 83–19; and *Farrell v. Sullivan,* 878 F.2d 985, 990 (7th Cir. 1989)).

Mr. Lowrey argues that ALJ Jordan erred in analyzing whether Mr. Lowrey's impairments medically equaled a listing for the following reasons: ALJ Jordan improperly discounted the opinion of Dr. Anthony Francis, the medical expert who testified at the February 13, 2013 hearing, and the ALJ's analysis of the objective medical evidence was deficient because he ignored evidence and failed to discuss medical records that support a more limited RFC.

Mr. Lowrey argues that the ALJ erred by not adopting Dr. Francis's opinion that, as early as March 21, 2006, Mr. Lowrey's spine condition equaled listing 1.04(A).  Dr. Francis, for example, testified generally that "a post-laminectomy syndrome . . . normally is going to equal a 1[.]04(A) unless [the claimant] is just really active," R. at 2496, and opined that "[m]ost post-laminectomy syndromes, you know, just speaking in a hypothetical sense, are going to equal 1[.]04(A)," R. at 2501.  Dr. Francis also specifically stated that, based upon an excerpted portion of a March 21, 2006, consultation note from Dr. Daria Schooler, Mr. Lowrey's treating physician, "[Mr. Lowrey] would have equaled a 1[.]04(A) for a failed spinal surgery case even at that date."  R. at 2504.

The Commissioner responds that ALJ Jordan gave good reasons for assigning little weight to Dr. Francis's opinion and further contends that it is not clear from Dr. Francis's testimony that his opinion supports a finding that Mr. Lowrey met listing 1.04(A).  She argues that Dr. Francis's opinion was equivocal because "Dr. Francis flatly refused to provide the ALJ with an explicit opinion as to whether [Mr. Lowrey] satisfied a listing and what [his] functional limitations were."  Dkt. No. 22 at 6.  Regarding Dr. Francis's opinion, ALJ Jordan reasoned as follows:

> Dr. Francis testified that the claimant may equal 1.04 as of March 21, 2006, based upon Exhibit F1 at 100 [R. 290].  However, I do not adopt this opinion.  Dr. Francis was fairly equivocal in his testimony in light of the claimant's capacity to hunt, etc., which will be discussed further below.  On [Mr. Lowrey's counsel]'s questioning,

6

Dr. Francis speculated that he may equal the listing based on this page of the exhibit [R. 290]. However, I note that [Mr. Lowrey's counsel] only referred Dr. Francis to this one page when asking his question regarding the Listing. When the consultation note is read in its entirety, it shows that the claimant's neurological examination was completely normal. Moreover, while his straight leg raising was positive on the right, the MRI at Exhibit O shows that the foraminal narrowing is on the left not the right.[2] Further, there is no evidence of any actual nerve root involvement on that MRI. Moreover, no other medical assessments conclude that a Listing is equaled. Finally, I note that during the same examination, Dr. Schooler, the claimant's treating neurological surgeon, reiterated that the claimant is capable of performing light duty [R. at 291].

R. at 1318-19.

Both the Commissioner and ALJ Jordan make an argument that Dr. Francis's testimony was conclusory because it did not cite to medical findings or explain how the evidence showed that the listing was equaled. *See* Dkt. No. 22 at 7 and R. at 1319, respectively. As shown above, ALJ Jordan takes issue with Dr. Francis's review of only one page of the March 21, 2006, consultation note. It was, however, ALJ Jordan's obligation to develop the record. *Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991) ("A well-settled proposition regarding social security disability hearings is that it is a basic obligation of the ALJ to develop a full and fair record.") (quotation omitted). If he thought that Dr. Francis's testimony was equivocal and that his opinion was based on review of less than all of the medical evidence available, ALJ Jordan was required to pin Dr. Francis down, to compel him to render an opinion on medical equivalency and establish the date on which Mr. Lowrey medically equaled listing 1.04(A). He failed to do so.

The Commissioner also explains why she believes it was reasonable for the ALJ to himself consider the medical evidence contradicting Dr. Francis's opinion, Dkt. No. 22 at 8.

---

[2] Exhibit O is not contained in the record presented to the Court. However, this omission does not alter the Court's decision in this matter.

ALJ Jordan examined portions of the medical evidence directly, including the remaining pages of the March 21, 2006, consultation note, and based in part on that review, determined that Mr. Lowrey's condition did not meet or medically equal a listing.  *See* R. at 1318-19.  In this respect, the ALJ impermissibly substituted his judgment for that of a physician.  *Moon v. Colvin,* 763 F.3d 718, 722 (7th Cir. 2014) (noting that ALJs must "rely on expert opinions instead of determining the significance of particular medical findings themselves"); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("[A]s this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings") (citations omitted).  An ALJ's opinion is not a substitute for evidence.  *Barnett*, 381 F.3d at 671; *see also Engstrand v. Colvin*, 788 F.3d 655, 660-61 (7th Cir. 2015) (determining that ALJ was "inappropriately playing doctor") (internal quotations omitted); *Goins v. Colvin,* 764 F.3d 677, 680 (7th Cir. 2014) (same).

The Commissioner further contends that Dr. Francis's opinion was based, impermissibly, on Mr. Lowrey's age, which is inconsistent with regulatory requirements.  Dkt. No. 22 at 7-8.  ALJ Jordan, however, did not rely on this argument to support his rejection of Dr. Francis's opinion.  Accordingly, as Mr. Lowrey notes, the Court may not consider these reasons, as they are improper post-hoc rationalizations by the Commissioner that cannot substitute for the ALJ's own reasoning.  *See SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943); *see also Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("Under the *Chenery* doctrine, the Commissioner's lawyers cannot defend the agency's decision on grounds that the agency itself did not embrace."); *McClesky v. Astrue*, 606 F.3d 351, 354 (7th Cir. 2010) (same).

On remand, the ALJ is specifically instructed to obtain a medical expert's opinion regarding whether, considering the medical evidence as a whole, Mr. Lowrey equals listing

1.04(A), and if he does, when between March 21, 2006, and September 16, 2013, he first met the

listing.  Obviously, once that opinion is obtained, the ALJ will have to reevaluate his analysis of

listing 1.04(A), including the weight given to all of the medical opinions of record, and

reevaluate his RFC determination and analysis at Step Five as well.

## VI.    CONCLUSION

For the reasons set forth above, the Commissioner's decision is **REVERSED** and this

case is **REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 9/27/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication